Case 1:19-cr-00536-RM   Document 1-2   Filed 12/23/19   USDC Colorado   Page 1 of 9

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case    Case 1:16-cr-00006, Document: 78, Filed: 03-13-2018, Page 1 of 9  (NOTE: Identify Changes with Asterisks (*))
Sheet 1

# UNITED STATES DISTRICT COURT
## Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| TYLER LITTLE | ) | Case Number: 1:16cr00006 |
| | ) | USM Number: 37865-068 |
| **Date of Original Judgment:** 3/12/2018 | ) | Michael J. Novara, AFPD |
| (Or Date of Last Amended Judgment) | ) | Defendant's Attorney |

**Reason for Amendment:**
- ☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)
  (See Page 8)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**
- ☑ pleaded guilty to count(s) 1
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1341 | Mail Fraud | 7/9/2014 | 1 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☑ Count(s) 2 through 5   ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

2/26/2018
Date of Imposition of Judgment

s/ DAVID STEWART CERCONE
Signature of Judge

David Stewart Cercone        U.S. District Judge
Name and Title of Judge

3/13/2018
Date

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment

Case 1:16-cr-00006 Document: 78, Filed: 03-13-2018, Page 2 of 9

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 2 of 9

DEFENDANT: TYLER LITTLE
CASE NUMBER: 1:16cr00006

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

six (6) months at Count 1.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends that the defendant be designated to FCI Morgantown.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____.

   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____.

   ☑ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case  Case: 1:16-cr-00006 Document: 78, Filed: 03-13-2018, Page 3 of 9
Sheet 2A — Imprisonment  (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of __9__

DEFENDANT: TYLER LITTLE
CASE NUMBER: 1:16cr00006

## ADDITIONAL IMPRISONMENT TERMS

The defendant shall self-report for service of sentence on the date and time and at the institution designated by the Bureau of Prisons or, if defendant has not received instructions on where to report prior to May 11, 2018, then the defendant shall report on or before noon on that day to the United States Marshal Service in the United States Courthouse in Erie, PA.

Case 1:19-cr-00536-RM   Document 1-2   Filed 12/23/19   USDC Colorado   Page 4 of 9

AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release

Case: 1:16-cr-00006, Document: 78, Filed: 03-13-2018, Page 4 of 9

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __4__ of __9__

DEFENDANT: TYLER LITTLE
CASE NUMBER: 1:16cr00006

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

three (3) years at Count 1.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Case 1:19-cr-00536-RM   Document 1-2   Filed 12/23/19   USDC Colorado   Page 5 of 9

AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case  Case 1:16-cr-00006   Document: 78, Filed: 03-13-2018, Page 5 of 9
Sheet 3A — Supervised Release

Judgment—Page   5   of   9

DEFENDANT: TYLER LITTLE
CASE NUMBER: 1:16cr00006

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

Case 1:19-cr-00536-RM   Document 1-2   Filed 12/23/19   USDC Colorado   Page 6 of 9

AO 245C (Rev. 02/18)   Amended Judgment in a Criminal Case   Case 1:16-cr-00006   Document: 78,   Filed: 03-13-2018,   Page 6 of 9
Sheet 3B — Supervised Release                                                                                         (NOTE: Identify Changes with Asterisks (*))

Judgment—Page   6   of   9

DEFENDANT:   TYLER LITTLE
CASE NUMBER:   1:16cr00006

## ADDITIONAL SUPERVISED RELEASE TERMS

1. Upon release from imprisonment and the commencement of supervised release, defendant shall be placed on home detention for a period of six (6) months. During this time, defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. In the discretion of the probation officer, defendant shall wear an electronic device and shall observe the rules specified by the probation department. Defendant shall pay the cost of any electronic monitoring not to exceed the daily contractual rate. Payment for any electronic monitoring shall be made in accordance with the probation officer's direction. Changes to the established rate can be made by the probation officer subject to supervisory approval;

2. Defendant shall not use or possess controlled substances except as prescribed by a licensed medical practitioner for a legitimate medical purpose;

3. Defendant shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until defendant is released from the program by the probation officer. Defendant shall submit to one drug urinalysis within 15 days of being placed on supervision and at least two periodic tests thereafter. Defendant shall contribute to the cost of services for any treatment in an amount determined to be reasonable by the probation officer, but not to exceed the actual cost of such treatment;

4. Defendant shall not purchase, possess and/or use any substance(s) designed to simulate or alter in any way his own urine specimen. Defendant likewise shall not purchase, possess and/or use any device(s) designed to submit a urine specimen from another individual;

5. Defendant shall provide the probation officer with access to any requested financial information;

6. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer;

7. Defendant shall make periodic payments of at least ten (10%) percent of his gross monthly income toward any outstanding balance of restitution. Payments shall be made in such amounts and at such times as directed by the probation office and approved by the court. The probation office shall address the defendant's (1) financial resources and assets, (2) earnings and income and (3) financial obligations as they then exist in submitting any recommended payment schedule for court approval;

8. Defendant shall apply all amounts received from income tax refunds, lottery winnings, inheritance, judgments or other financial gains of a similar nature toward the outstanding balance of restitution unless excused from doing so by an order of this court;

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case  
Sheet 3C — Supervised Release

Case: 1:16-cr-00006, Document: 78, Filed: 03-13-2018, Page 7 of 9

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __7__ of __9__

DEFENDANT: TYLER LITTLE  
CASE NUMBER: 1:16cr00006

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

9. The defendant shall participate in a mental health assessment and, if appropriate, a mental health treatment program as approved and directed by his probation officer. Defendant shall abide by all program rules, requirements and conditions of any treatment program. Defendant shall contribute to the cost of services for any treatment in an amount determined to be reasonable by the probation officer but not to exceed the actual cost of such treatment. The probation office is authorized to release the defendant's presentence report to the treatment provider if so requested; and

10. Pursuant to 28 C.F.R. § 28.12, the DNA Fingerprint Act of 2005 and the Adam Walsh Child Protection and Safety Act of 2006, defendant shall cooperate in the collection of DNA as directed by the United States Probation Office.

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case
Sheet 3C — Supervised Release
Case: 1:16-cr-00006, Document: 78, Filed: 03-13-2018, Page 7 of 9
Judgment—Page 7 of 9

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case  Case 1:16-cr-00006 Document: 78, Filed: 03-13-2018, Page 8 of 9
Sheet 5 — Criminal Monetary Penalties                                  (NOTE: Identify Changes with Asterisks (*))

Judgment — Page __8__ of __9__

DEFENDANT: TYLER LITTLE
CASE NUMBER: 1:16cr00006

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ 118,859.49 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Minich Electric | | $81,859.49 | FIRST *** |
| c/o Dan Minich | | | |
| 207 Williams Street | | | |
| Bradford, PA 16701 | | | |
| | | | |
| Merchant Insurance Group | | $37,000.00 | SECOND*** |
| PO Box 78 | | | |
| Buffalo, NY 14240 | | | |
| | | | |

| TOTALS | $ 0.00 | $ 118,859.49 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☑ the interest requirement is waived for    ☐ fine    ☑ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:19-cr-00536-RM   Document 1-2   Filed 12/23/19   USDC Colorado   Page 9 of 9

AO 245C (Rev. 02/18) Amended Judgment in a Criminal Case  Case: 1:16-cr-00006  Document: 78,  Filed: 03-13-2018,  Page 9 of 9
Sheet 6 — Schedule of Payments        (NOTE: Identify Changes with Asterisks (*))

Judgment — Page  9  of  9

DEFENDANT: TYLER LITTLE
CASE NUMBER: 1:16cr00006

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☑  Lump sum payment of $ 100.00 due immediately, balance due

   ☐ not later than _____ , or
   ☑ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

   The defendant shall make restitution payments from any wages he earns in prison in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any portion of the restitution not paid at the time of the defendant's release from imprisonment shall be paid as a condition of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

   Property identified in Preliminary Order of Criminal Forfeiture dated 10/17/2017.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.